IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **DARRELL RODNEY**<br><br>Plaintiff<br><br>v.<br><br>**UNION PACIFIC RAILROAD, and RANDALL WILLRETT,**<br><br>Defendants. | FILED : April 2, 2008<br>NO: 08CV1881   J. N.<br>JUDGE   DER-YEGHIAYAN<br>MAG. JUDGE BROWN<br>**TRIAL BY JURY DEMANDED** |

## COMPLAINT AT LAW

### COUNT I – FEDERAL EMPLOYERS' LIABILITY ACT

NOW COMES the Plaintiff, DARRELL RODNEY, by and through his attorney, James T. Foley and the FOLEY LAW GROUP, LL.C, for his complaint against the Defendant UNION PACIFIC RAILROAD COMPANY (hereinafter UP ), states as follows:

1) Jurisdiction of this Court is invoked under the provisions of Title 45 U.S.C. section 56 and Title 28 U.S.C. section 1331.

2) This action arises under, and the rights and liabilities of the parties to this cause are governed by the Federal Employers' Liability Act, 45 U.S.C. section 51, et. seq.

3) On April 22, 2006, at or about 11:26 a.m., and at all times pertinent, Defendant UP was a railroad corporation doing business in the State of Illinois, County of Dekalb and City of Malta.

1

4) On April 22, 2006, and at all pertinent times, Defendant UP owned, operated, and maintained a railroad in Interstate Commerce.

5) On April 22, 2006, and at all pertinent times, Plaintiff DARRELL RODNEY, was employed by the Defendant, UP, as a Locomotive Engineer.

6) On April 22, 2006 and at all pertinent times. Defendant UP, owned, managed, maintained and used as a portion of its railroad system an area of track including track at or about Milepost 65.4, crossing number 175116K in or around Malta, Dekalb County, Illinois, and also UP Locomotive Engine 5508.

7) On April 22, 2006 and at all times pertinent, Plaintiff, DARRELL RODNEY, was performing work for Defendant UP in connection with or in furtherance of Defendant's business of Interstate Commerce and Transportation.

8) In the course of his duties as a Locomotive Engineer for Defendant UP on April 22, 2006, at or near Milepost 65.4 in or around crossing number 175116K, at or near Malta, Dekalb County, Illinois, Plaintiff was operating UP Locomotive Engine number 5508, which was owned, managed, and maintained by Defendant UP.

9) On November 22, 2006, at all times pertinent, Plaintiff was operating UP Locomotive Engine 5508 safely, properly, and attentively when the Locomotive Engine and the train being operated by Plaintiff violently struck a farm plow obstructing mainline 2 track at the location referenced above. The farm plow was owned, operated maintained and managed by Defendant RANDALL WILLRETT. The collision between the UP Locomotive Engine and train and the plow owned by Defendant RANDALL WILLRETT caused serious and permanent injury to Plaintiff, DARRELL RODNEY.

10) It was the continuing duty of the Defendant UP, as employer, at the time and place in question to use ordinary care under the circumstance in furnishing Plaintiff with a reasonably safe place to work, and to provide him with reasonably safe equipment to perform his duties, including a crash-worthy Locomotive Engine.

11) In violation of its duty, Defendant UP negligently and carelessly failed to provide Plaintiff with a reasonably safe place to work by committing one or more of the following negligent acts or omissions:

    a) failed to adopt, install, implement and enforce a safe method and procedure for the described operation;

    b) failed to properly inspect, maintain, implement a process for vehicular traffic upon its tracks and across its tracks, so that the same became hazardous to the safety of its employees, including Plaintiff;

    c) failed to provide Plaintiff with a crashworthy Locomotive Engine:

    d) failed to warn Plaintiff of an impending collision;

    e) Allowed Defendant RANDALL WILLRETT onto its property, tracks and right of way;

    f) Was otherwise careless and negligent in failing to provide Plaintiff with a safe place to work;

12) Defendant, UP's failure to provide Plaintiff with a safe place to work by one or more of the foregoing negligent acts or omissions caused, in whole or in part, Plaintiff's injuries.

13) As a consequence, Plaintiff, DARRELL RODNEY incurred injuries that have caused and will continue to cause him great pain, suffering, inconvenience, anguish, and disability; as a further result Plaintiff has been and will in the future be kept from attending to his ordinary affairs and duties, and has lost and will lose great gains

which he otherwise would have made and acquired; as a further result, Plaintiff has incurred medical, hospital and related expenses and is reasonably certain to incur further medical, hospital and related expenses in the future.

14) Plaintiff demands Trial by Jury.

WHEREFORE, the Plaintiff, DARRELL RODNEY, by and through his attorney, James T. Foley and the FOLEY LAW GROUP, LLC, demands judgment in his favor and against Defendant, UNION PACIFIC RAILROAD COMPANY, in a sum in excess of $100,000.00 plus the costs of this suit.

### COUNT II – NEGLIGENCE V. RANDALL WILLRETT

Now comes the Plaintiff, DARRELL RODNEY, by and through his attorney, James T. Foley and the FOLEY LAW GROUP, LLC. and for his complaint against Defendant RANDALL WILLRETT (hereinafter Willrett) states as follows:

1) Jurisdiction of this Court is invoked under the provisions of Title 28 U.S.C. section 1367.

2) The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00.

3) At all times herein, Defendant Willrett was and is a resident of the County of Dekalb, State of Illinois and subject to the jurisdiction of this Court.

4) On April 22, 2006 and at all times pertinent. Defendant UP was a railroad corporation doing business in the State of Illinois, County of Cook and Dekalb, Illinois and subject to the jurisdiction of this Court.

4

5) On April 22, 2008 and at all times pertinent, Plaintiff DARRELL RODNEY was a resident of the city of Broadview, County of Cook, State of Illinois and subject to the jurisdiction of this Court.

6) On April 22, 2006 and at all pertinent times, Defendant UP owned and operated a railroad in Interstate Commerce.

7) On April 22, 2006 and at all pertinent times, Plaintiff DARRELL RODNEY was employed by Defendant UP as a Locomotive Engineer.

8) On April 22, 2006, and at all times pertinent, Defendant UP owned, managed, maintained and used as a portion of its railroad system an area of track including track at or about milepost 65.4; crossing number 175116K, in or around Malta, Dekalb County, Illinois and also UP Locomotive Engine number 5508.

9) On April 22, 2006 and at all times pertinent, Plaintiff, DARRELL RODNEY, was performing work for the defendant UP in connection with or in the furtherance of Defendant's business of Interstate Commerce and Transportation.

10) In the course of his duties as a Locomotive Engineer for Defendant UP on April 22, 2008 and at all times pertinent, at or near MP65.4 at or near crossing 175116K, in or around Malta, Dekalb County, Illinois Plaintiff was operating UP Locomotive Engine 5508.

11) On April 22, 2008 at or about 11:26 a.m., Plaintiff was operating UP Locomotive Engine 5508 on Mainline 2, at or near MP 65.4, at or about crossing 175116K, in or around Malta, Dekalb, Illinois when the Locomotive Engine and the train Plaintiff was operating struck the farm plow of Defendant RANDALL WILLRETT which was obstructing the tracks upon which Plaintiff was operating his train. The

5

resulting collision between Plaintiff's train and Defendant WILLRETT'S plow caused Plaintiff to sustain serious injury.

12) At the time and place alleged, Defendant WILLRETT was on the premises of Defendant UP pursuant to an agreement, contract or some other arrangement, however without the knowledge of Plaintiff RODNEY or his crew.

13) At the time and place alleged, the Defendant, WILLRETT had a duty to exercise ordinary care for the safety of the Plaintiff.

14) In violation of its duty, the Defendant WILLRETT committed one or more of the following negligent acts or omissions:

    a) Operated his vehicle at an unsafe speed;

    b) failed to properly maintain, repair, or service his equipment and vehicle resulting in a hazard to Plaintiff;

    c) failed to yield to the train operated by the Plaintiff;

    d) trespassed upon the property of Defendant, UP;

    e) Was otherwise careless and negligent.

15) As a direct and proximate result of one or more of the aforesaid acts of negligence, Plaintiff was seriously injured.

16) As a co consequence, Plaintiff, DARRELL RODNEY incurred injuries that have caused and will continue to cause him great pain, suffering, inconvenience, anguish, and disability; as a further result, Plaintiff has been and will in the future be kept from attending to his ordinary affairs and duties, and has lost and will lose great gains which he otherwise would have made and acquired, as a further result, Plaintiff has incurred medical, hospital and related expenses

and is reasonably certain to incur further medical, hospital and related expenses in the future.

17) Plaintiff demands Trial by jury.

WHEREFORE, the Plaintiff DARRELL RODNEY demands judgment in his favor and against Defendant, RANDALL WILLRETT, in a sum in excess of $100,000.00 plus the costs of this suit.

_____
Attorney for Plaintiff

James T. Foley
FOLEY LAW GROUP, LLC
580 Oakmont Lane
Westmont, Illinois 60559
(630) 908-3508
(630) 908-3509 Fax